1

2

3

4

5

6

7

8               **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA,                CASE NO. CR F 05-0306 LJO

12                   Plaintiff,               **DECISION ON APPEAL OF CRIMINAL**
                                              **CONVICTION**
13          vs.                               (Docs. 15, 29, 41, 42.)

14   KIMBERLY WILLIAMS,

15                   Defendant.
                                         /
16

17                           **INTRODUCTION**

18         Defendant Kimberly Williams ("Ms. Williams") seeks to reverse her misappropriation of

19   property conviction on grounds of unnecessary delay between her arrest and presentment before a

20   magistrate judge.  For the reasons discussed below, this Court AFFIRMS the lower court's decision and

21   DENIES Ms. Williams' request to reverse her conviction.

22                           **BACKGROUND**

23         On April 12, 2005 at approximately 10 a.m., National Park Service Law Enforcement Ranger

24   David Horne ("Ranger Horne") responded to a theft call at the Curry Village Gift Shop in Yosemite

25   National Park ("Yosemite").  Shop manager Luis Perez ("Mr. Perez") held Ms. Williams and Blaire

26   Guthrie ("Ms. Guthrie") for shoplifting. Mr. Perez informed Ranger Horne that Mr. Perez observed Ms.

27   Guthrie place a $25 t-shirt in a bag and hand the bag to Ms. Williams who exited the shop without

28   paying for the t-shirt.  Ranger Horne and another ranger transported Ms. Williams and Ms. Guthrie to

                                         1

1  the Yosemite Holding Facility ("holding facility"), where Ms. Williams was booked into custody.[1] Ms.

2  Williams was charged with conspiracy to commit misdemeanor (misappropriation of property) (18

3  U.S.C. § 371).[2]

4        Ms. Guthrie was questioned from 11 a.m. to 2 p.m. while Ms. Williams remained in a holding

5  cell. Ms. Williams signed a waiver of *Miranda* rights at 2:26 p.m. and admitted to leaving the gift shop

6  without paying for the t-shirt. Ms. Williams' questioning ended at 3 p.m.

7  **Ms. Williams' Arraignment**

8        On April 12, 2005, U.S. Magistrate Judge William Wunderlich ("Judge Wunderlich")

9  commenced an arraignment calendar at 1:30 p.m. but adjourned at 2:30 p.m. to leave for an out-of-area

10  family emergency. On April 13, 2005 at 2:23 p.m., Ms. Williams was arraigned before Judge

11  Wunderlich, entered a not guilty plea, and was released on her own recognizance after having spent 28

12  hours in custody.

13        Defense counsel objected to the arraignments and made a motion to dismiss for violating Ms.

14  Williams' prompt presentment rights. Judge Wunderlich denied the motion without prejudice. During

15  an August 3, 2005 hearing, Judge Wunderlich denied Ms. Williams' further motion to dismiss.

16        Pursuant to an August 16, 2005 conditional plea agreement, Ms. Williams pled no contest to

17  misappropriation of property. The Government moved to dismiss the conspiracy to commit

18  misdemeanor charge. Judge Wunderlich sentenced Ms. Williams to two months unsupervised probation,

19  two days custody with credit for two days served, and a $90 fine and $10 special assessment. Ms.

20  Williams' sentence is stayed pending this appeal to address delay between her arrest and presentment.

21  **DISCUSSION**

22  **Standard Of Review**

23        The parties agree to this Court's de novo review of denial to dismiss the charges against Ms.

24  Williams due to delay between her arrest and presentment. A lower court's interpretation of the Federal

25  Rules of Criminal Procedure is subject to de novo review. *United States v. Carper*, 24 F.3d 1157, 1158-

26  _____

27  [1]    The United States of America ("Government") claims that the holding facility's limited space precludes booking more than one person at a time.

28  [2]    Ms. Williams was later charged with misappropriation of property (36 C.F.R. § 2.30(A)(3)).

1  1159 (9th Cir. 1994).  Constitutional issues are reviewed de novo.  *S.D. Myers, Inc. v. City and County*

2  *of San Francisco*, 253 F.3d 461, 466 (9th Cir. 2001).

### Unnecessary Delay

4      F.R.Crim.P. 5(a)(1) addresses appearance after arrest and requires that an arrested defendant be

5  taken "without unnecessary delay before a magistrate judge."  "The requirement of Rule 5(a) is part of

6  the procedure devised by Congress for safeguarding individual rights without hampering effective and

7  intelligent law enforcement." *Mallory v. United States*, 354 U.S. 449, 453, 77 S.Ct. 1356, 1359 (1957).

8  The next step after arrest "is to arraign the arrested person before a judicial officer as quickly as possible

9  so that he may be advised of his rights and so that the issue of probable cause may be promptly

10  determined." *Mallory*, 354 U.S. at 454, 77 S.Ct. at 1359.  "The duty enjoined upon arresting officers

11  to arraign 'without unnecessary delay' indicates that the command does not call for mechanical or

12  automatic obedience." *Malloy*, 354 U.S. at 455, 77 S.Ct. at 1359-1360.

13      In *Williams v. United States*, 273 F.2d 781, 798 (9th Cir. 1960), the Ninth Circuit Court of

14  Appeals explained that F.R.Crim.P. 5(a) does not require "round the clock availability" of a magistrate

15  judge:

16      It appears to us that no hard and fast rule can be laid down as to what circumstances may or may not constitute "unnecessary delay." The circumstances will
17  vary greatly from case to case, and from metropolitan area where there may be several available commissioners to other areas where there is but one commissioner serving on
18  a part time basis. Whether or not a confession should be excluded or omitted as violative of Rule 5(a) is a question of law to be determined by the district judge.

19

20      Ms. Williams contends that her "overnight delay was unjustified" given that she was arrested in

21  early afternoon and held in the same building where she could have been arraigned.  Ms. Williams

22  asserts that she could have been taken to and arraigned in Merced, Mariposa or Bass Lake or arraigned

23  telephonically by another magistrate judge in this Court.  Ms. Williams attributes missing the April 12,

24  2005 afternoon Yosemite calendar to prohibitive officer interviews.

25      The Government responds that the presentment delay was reasonable under the circumstances

26  given that "a significant portion of the delay" was attributable to "a holding facility that can only book

27  one defendant at a time."  The Government takes issue that officer interviews were conducted to

28  establish guilt given that Mr. Perez had observed Ms. Williams exit the gift shop without paying for the

1  t-shirt. The Government points out that Judge Wunderlich was unavailable after 2:30 p.m., about which

2  time Ms. Williams executed her waiver of rights.

3      The delay to arraign Ms. Williams under the circumstances was not unreasonable. Judge

4  Wunderlich's family emergency at 2:30 p.m. was unforeseeable. Ms. Williams improperly faults the

5  Government for failure to secure arraignment by another judicial officer. Yosemite is a remote location.

6  It is a national park, not a metropolitan area. Judge Wunderlich is the only assigned federal judicial

7  officer for Yosemite, which has a limited holding facility. Based on the circumstances, delay to arraign

8  Ms. Williams until Judge Wunderlich's next availability cannot be characterized as unreasonable.[3]

9      The Government notes that Ms. Williams waived her right to immediate presentment before a

10 judicial officer when she knowingly and intelligently waived her privilege against self-incrimination and

11 her right to counsel. A "confession is not inadmissible solely on the ground that the accused was not

12 taken before a magistrate at the earliest possible moment. A valid *Miranda* waiver is necessarily, for

13 the duration of the waiver, also a waiver of an immediate judicial warning of constitutional rights."

14 *Frazier v. United States*, 419 F.2d 1161, 1166 (D.C. Cir. 1969). The absence of Ms. Williams'

15 meaningful challenge to the Government's point further supports Judge Wunderlich's decision.

16                          **Ms. Williams' Confession**

17     Ms. Williams faults Judge Wunderlich for failing to consider the arraignment delay to determine

18 whether her confession was voluntary. Ms. Williams points to 18 U.S.C. § 3501, which provides in

19 pertinent part:

20     (b) The trial judge in determining the issue of voluntariness shall take into
       consideration all the circumstances surrounding the giving of the confession, including
21     (1) the time elapsing between arrest and arraignment of the defendant making the
       confession, if it was made after arrest and before arraignment . . .
22
       (c) In any criminal prosecution by the United States . . ., a confession made or given by a person
23     who is a defendant therein, while such person was under arrest or other detention in the custody of any
       law-enforcement officer or law-enforcement agency, shall not be inadmissible solely because of delay
24     in bringing such person before a magistrate judge or other officer empowered to commit persons charged
       with offenses against the laws of the United States . . . if such confession is found by the trial judge to
25     have been made voluntarily and if the weight to be given the confession is left to the jury and if such
       confession was made or given by such person within six hours immediately following his arrest or other
26

27     [3]    This Court appreciates Ms. Williams' points that: (1) her offense is minor; (2) she lacks a criminal
       background; (3) she was employed in and resided in Yosemite; and (4) she was neither a threat nor flight risk. Despite their
28     mitigating effect, these points do not tip the balance to unreasonable delay.

1  detention: Provided, That the time limitation contained in this subsection shall not apply in any case in
2  which the delay in bringing such person before such magistrate judge or other officer beyond such
   six-hour period is found by the trial judge to be reasonable considering the means of transportation and
   the distance to be traveled to the nearest available such magistrate judge or other officer.
3

4  According to Ms. Williams, the arraignment delay was "deliberate" to extract a confession.

5       The problem for Ms. Williams is that she was arrested at 10 a.m., signed a waiver of *Miranda*
6  rights at 2:26 p.m. and admitted to leaving the gift shop without paying for the t-shirt.  Ms. Williams'
7  confession was comfortably within the six-hour limit of 18 U.S.C. 3501(c).

8       The Government argues that since Ms. Williams did not challenge the admissibility of her
9  confession before Judge Wunderlich, the issue was not preserved for appeal to this Court.  In her reply
10 papers, Ms. Williams demonstrates that defense counsel raised the issue before Judge Wunderlich to
11 mitigate the Government's argument of failure to preserve the issue for appeal.

12      The Government further contends that the appropriate procedural device for a F.R.Crim.P. 5(a)
13 violation is a motion to suppress. *See United States v. Mayes*, 417 F.2d 771, 772 (9th Cir. 1969); *United*
14 *States v. Sotoj-Lopez*, 603 F.2d 789, 790 (9th Cir. 1979); *Williams*, 273 F.2d at 798.  Ms. Williams fails
15 to challenge that a motion to suppress is the proper procedural device to further support Judge
16 Wunderlich's admissibility of Ms. Williams' confession.

17                              **CONCLUSION AND ORDER**

18      For the reasons discussed below, this Court:

19      1.    AFFIRMS U.S. Magistrate Judge William Wunderlich's decision;

20      2.    DENIES Ms. Williams' request to reverse her conviction or vacate her sentence; and

21      3.    DIRECTS this Court's clerk to enter judgment in favor of the United States of America
22            and against defendant Kimberly Williams.

23      IT IS SO ORDERED.

24 **Dated:    April 13, 2007**                              **/s/ Lawrence J. O'Neill**
                                                      UNITED STATES DISTRICT JUDGE
25

26

27

28